UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE C. PEREIRA, : | |
| : | |
| Plaintiff, : | Civ. No. 23-2315 (KM) (LDW) |
| : | |
| v. : | |
| : | **OPINION** |
| FEDERAL GOVT of the US, : | |
| : | |
| Defendant. : | |

**KEVIN MCNULTY, U.S.D.J.**

Jose C. Pereira, who alleges that he was born in South America, has filed a pro se complaint, seeking as relief "the right to be able to run for President." (Cplt., DE 1 at 4)

By order filed today, I granted *in forma pauperis* ("IFP") status, relieving Mr. Pereira of the obligation to pay the filing fee. I am therefore obligated to screen the allegations of the complaint to determine whether it:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). That screening provision applies to the complaints of all individuals who are proceeding *in forma pauperis*. *See, e.g., Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)").

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A complaint must contain

"a short and plain statement" both "of the grounds for the court's jurisdiction" and of "the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a).

The court will be more forgiving of complaints filed *pro se* and will construe their allegations liberally. *Haines v. Kerner*, 404 U.S. 219 (1972). *Pro se* complaints are nonetheless bound to the "essential obligation" of facial plausibility. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019); *see also Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (noting that a pro se complaint is "construed liberally 'to raise the strongest arguments [it] suggest[s]," but must still "state a plausible claim for relief" (citations omitted)).

### I. Discussion

The complaint invokes this Court's federal-question jurisdiction, in that it purports to arise under the U.S. Constitution:

> No person except a natural born citizen, or a citizen of the United States, at the time of the adoption of this Constitution, shall be eligible to the office of President . . . .

U.S. Const. art. II, sec. 1, cl. 5.

I quote the allegations of the Complaint in full:

> Delaware was the 1st State to Ratify the Constitution in 12/8/1787. ...

> The Constitution was written in 1787 ratified in 1788 and in operation since 1789. . . .

> Under Article II Section 1 of the U.S. Constitution; No Person except a natural born Citizen or a Citizen of the U.S. at the time of the adoption of the Constitution shall be eligible to the Office of the President...

> I can understand why the Founding Fathers wrote this rule into the Constitution . . . It was a different world and they wanted to protect our new nation from foreign influence ...

> But today in modern times with Computers we know who everyone is who might be a threat but who is definitely not.

2

> And so, as a 1st Generation American with parents of European Descent-having been born in South America and raised in the United States . . . I feel like I would make a good candidate and would like the right to run for President . . .
>
> . . .
>
> I WOULD LIKE THE RIGHT TO BE ABLE TO RUN FOR PRESIDENT.

(Complaint, DE 1, pp. 3–4)

The Court is unable to grant the requested relief for the following reasons.

Initially, there is the question of standing. To sue in federal court, a plaintiff must allege, inter alia, an injury that is actual or imminent. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130 (1992) Frustration of a generalized desire to run for President is not such an immediate injury. *See Hassan v. United States*, 441 F. App'x 10, 10–12 (2d Cir. 2011) ("That he might mount a run for the presidency which might result in some form of future injury is simply insufficient to satisfy the injury-in-fact-requirement."); *accord Hassan v. Fed. Election Comm'n*, 893 F. Supp. 2d 248, 253–56 (D.D.C. 2012), aff'd, No. 12-5335, 2013 WL 1164506 (D.C. Cir. Mar. 11, 2013).

Assuming there is standing, the complaint is frivolous and fails to state a claim on which relief may be granted. On its face, the complaint states that the plaintiff seeks relief that is explicitly foreclosed by the literal wording of the U.S. Constitution. Typical of the very few cases in which such a claim was made is *Hassan v. Colorado:*

> After the Colorado Secretary of State informed him that his ineligibility for office precluded his placement on the ballot, Mr. Hassan brought this lawsuit asserting that the natural-born-citizen requirement, and its enforcement through state law barring his access to the ballot, violates the Citizenship, Privileges and

> Immunities, and Equal Protection Clauses of the Fourteenth Amendment.
>
> The magistrate judge heard the case on consent of the parties and eventually concluded that the Fourteenth Amendment did not affect the validity of Article II's distinction between natural-born and naturalized citizens. *See Hassan v. Colorado*, 870 F. Supp. 2d 1192 (D. Colo. 2012); *see also Hassan v. New Hampshire*, No. 11–cv–552–JD, 2012 WL 405620 (D.N.H. Feb. 8, 2012) (reaching same conclusion in Hassan's challenge to exclusion from New Hampshire ballot). The magistrate judge granted summary judgment to defendants and Mr. Hassan appealed.

The U.S. Court of Appeals for the Tenth Circuit upheld the dismissal. 495 F. App'x 947, 948 (10th Cir. 2012). While some, like Mr. Pereira, have argued against the natural born citizenship requirement on policy grounds, the Court's research has not uncovered a case in which a challenge to this explicit Constitutional provision has succeeded. *See generally* Malinda L. Seymore, The Presidency and the Meaning of Citizenship, 2005 B.Y.U. L. Rev. 927, 952 (2005).

Attempts by one persistent plaintiff to challenge this Constitutional amendment as being repugnant to other portions of the Constitution have uniformly failed:

> Hassan's challenge to the Fund Act rests on his contention that the natural born citizen requirement has been implicitly repealed by the Fifth and Fourteenth Amendments. The Court need not repeat the thorough and persuasive opinions issued by its colleagues in at least five other jurisdictions, all of whom determined that the natural born citizen requirement has not been implicitly repealed by the Fifth and Fourteenth Amendments. *See Hassan v. Colorado*, 870 F.Supp.2d at 1198–201, *aff'd*, 495 Fed. App'x 947, No. 12–1190, 2012 WL 3798182, *1 (10th Cir. Sept. 4, 2012); *Hassan v. Montana*, slip op. at 3–5; *Hassan v. Iowa*, slip op. at 7–11; *Hassan v. New Hampshire*, 2012 WL 405620, at *2–4; *Hassan v. United States*, No. 08–CV–938 (NG), slip op. at 3–6 (E.D.N.Y. June 15, 2010) (Docket No. 28), *aff'd on other grounds*, 414 Fed. App'x 10.

*Hassan v. Fed. Election Comm'n*, 893 F. Supp. 2d at 256–57. And indeed it would be extraordinary for a district court to declare the Constitution itself to be unconstitutional. *Id.* at 257. The only recourse, then, would appear to be a Constitutional amendment. *Id.* at 256–57.

The plaintiff is to be admired and commended for what seems to be a sincere desire to serve the public in elected office. Perhaps he can pursue that ambition in another way—for example through volunteer work, or by seeking some public office which, unlike the presidency, does not have the prerequisite of natural born citizenship. Article II of the Constitution, however, stands as an insuperable barrier to his quest for the presidency.

## II.     CONCLUSION

On initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B), I find that the complaint is frivolous and fails to state a claim on which relief can be granted. It is therefore dismissed.

Dated: May 4, 2023                                 /s/ Kevin McNulty
                                                   _____
                                                   Kevin McNulty
                                                   United States District Judge